UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| RSI, LLC, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:19-cv-341-JMH |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| NATIONWIDE MUTUAL INSURANCE | ) | |
| COMPANY,[1] | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

This matter is before the Court on the Motion to Dismiss of Defendant, Nationwide Insurance Company ("Nationwide"), requesting the Court dismiss the Complaint of Plaintiff, RSI, LLC ("RSI") pursuant to Federal Rules of Civil Procedure 12(b)(6) and (c). [DE 4]. For the reasons set forth herein, Nationwide's Motion to Dismiss is **GRANTED.**

### I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

RSI alleges that, in 2015, Nationwide's insured, Holmes by Troy, LLC, a non-party, failed to properly install a waterproofing tarp at "Plaintiff's house[,]" located in the City of Richmond, in Madison County, Kentucky. [Id.]. As a result of this alleged failure, the roof of the house sustained water damage. [Id.]. Holmes by Troy, LLC, did not remediate the water damage or make

---

[1] Plaintiff named the Defendant as "Nationwide Insurance Company." [DE 1-1; DE 1-2]. Nationwide asserts it should be correctly identified as "Nationwide Mutual Insurance Company." [DE 4 at 1, PageID #20].

any repairs. [Id.]. RSI alleges that it submitted repair bids to Nationwide, amounting to approximately $36,000. [Id.]. Nationwide allegedly offered to pay about half that amount for the claimed damages, which RSI rejected. [Id].

As a result, on July 30, 2019, RSI, LLC filed the instant action against Nationwide in Madison Circuit Court. [DE 1-2 at 1, PageID #12]. RSI demands Nationwide pay the difference, lost rent from September 1, 2015 of $1,000 per month to present, totally $43,000, in damages, as well as punitive damages. [Id. at 2, PageID #13]. Notably, RSI purports to proceed *pro se*. [DE 1-2 at 1, PageID #12]. The complaint was signed by Douglas Riddle, who claims to be a member of RSI, LLC. [Id. at 3, PageID #14].

On August 23, 2019, Nationwide removed the action to this Court, [DE 1], and filed the instant motion, [DE 4], arguing the Court should dismiss RSI's complaint because, among other things, it was filed by a non-attorney member of RSI on behalf of the limited liability corporation. [DE 4 at 1-2, PageID #20-21; DE 4-1 at 3-6, PageID #24-27]. On September 5, 2019, RSI filed a "Notice" with the Court, which we construe as a Response to Nationwide's Motion to Dismiss. [DE 5]. On September 10, 2019, Nationwide responded in support of its motion to dismiss. [DE 6]. Accordingly, this matter is now ripe for review.

## II. ANALYSIS

Nationwide argues that RSI's Complaint is void because it was filed by a non-attorney member of RSI on behalf of the limited liability corporation. [DE 4 at 1-2, PageID #20-21; DE 4-1 at 3-6, PageID #24-27]. Notably, RSI does not dispute that its Complaint was filed "*pro se*," by a non-attorney in Madison Circuit Court. [DE 5; *see also*, DE 1-1; DE 1-2]. Rather, RSI states, in part, it "...now realizes it cannot represent itself pro se in any court other than Small Claims...Unfortunately, hired counsel is not admitted to practice in Federal Court. RSI is now looking for an attorney approved in Federal Court to work with." [DE 5 at 1, PageID #47]. RSI's excuse is unavailing.

Federal law allows parties to "plead and conduct their own cases personally or by counsel." *See* 28 U.S.C. § 1654. This has been "uniformly construed to mean that a corporation cannot appear otherwise than through counsel." *U.S. v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) (*per curiam*) (internal citations omitted). Indeed, "under longstanding tradition 'a *corporation* can only appear by attorney.'" *Bass v. Leatherwood*, 788 F.3d 228 (2015) (quoting *Osborn v. Bank of U.S.*, 22 U.S. 738, 829 (1824). The United States Supreme Court continues to endorse this tradition, stating, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *See Rowland v. Cal. Men's*

*Colony*, 506 U.S. 194, 201-02 (1993). "The rationale for the rule applies equally to all artificial entities." *Id*. at 202. Thus, it is black letter law that LLCs may not appear *pro se* in Federal court litigation.[2]

Federal courts have further recognized that the appropriate remedy is to invalidate the actions taken by the non-lawyer in federal court. *See Prunte v. Universal Music Grp.,* 484 F.2d 165, 166, n. 1 (D.C. Cir. 1990); *see also*, *Polston v. Millenium Outdoors, LLC*, Civ. Action No. 6:16-cv-16-KKC, 2017 WL 878230, at *10, n. 3 (E.D. Ky. March 6, 2017) (stating "[b]lack letter law invalidates any actions taken by [the non-lawyer] on behalf of [the Company].")

In the instant case, RSI, LLC does not dispute that the Complaint was not filed by an attorney. [DE 5; *see also*, DE 1-1; DE 1-2]. Nor does Mr. Riddle assert that he is an attorney. [DE 1-2 at 3, PageID #14; DE 5]. In fact, RSI openly acknowledges that "...now realizes it cannot represent itself pro se in any court other than Small Claims...Unfortunately, hired counsel is not admitted to practice in Federal Court." [DE 5 at 1, PageID #47]. As a result, we find that application of clear federal law

---

[2] Indeed, Kentucky courts, too, have long recognized this legal principle. *See Hornsby v. Housing Authority of Dry Ridge*, 566 S.W. 3d 587, 592 (2018) (stating "a non-attorney office of a corporation or limited liability company may not itself engage in the practice of law.") (*citing Ky. Bar Ass'n. v. Tussey*, 476 S.W.2d 177, 180 (Ky. 1972); *see also*, *Flynn v. Songer*, 399 S.W.2d 491, 494 (Ky. 1966); *Ky. State Bar Ass'n v. First Federal Sav. & Loan Ass'n of Covington*, 342 S.W.2d 397, 399 (Ky. 1960).

necessarily invalidates Mr. Riddle's filing of the Complaint on behalf of RSI, LLC. Accordingly, **IT IS ORDERED** as follows:

1) That Nationwide's Motion to Dismiss, [DE 4], is, and hereby shall be, **GRANTED**;

2) That RSI, LLC's Complaint, [DE 1-1; DE 1-2], is, and hereby shall be, **DISMISSED WITHOUT PREJUDICE**;

3) That all other pending motions are, and hereby shall be, **DENIED AS MOOT**; and

4) That this matter shall be **STRICKEN** from the active docket.

This the 22nd day of October, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge